IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CORKEY OGLE,

    Petitioner,                   No. CIV S-06-0213 LKK JFM P

    vs.

BOARD OF PRISON TERMS, et al.,

    Respondents.               FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in 1976 of two counts of homicide, burglary, kidnapping, use of a deadly weapon and auto theft. Petitioner challenges the continuous denial of parole by the Board of Prison Terms (hereafter "Board"). The instant petition was filed on February 1, 2006.

        In their answer, respondents contend petitioner challenges the 2005 denial of parole and have presented evidence that petitioner has failed to exhaust his administrative remedies as to that 2005 decision. Respondents argue that if the court construes the petition also challenges the 2002 denial of parole, petitioner's claim was filed beyond the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1) and (2).

1

In the petition, petitioner notes he provided a copy of the California Supreme Court denial[1] but also states, "And I realize that the date indicated on that state Supreme Court denial is rather backdated." (Pet. at 9.) Petitioner states he included a copy of the June 2005 denial of parole, and continues:

> So as to better show the Court my reason for not filing my writ sooner in this court. I wanted to wait until that Parole Board Hearing was held, as the outcome of it could have affected my appeal of the matter to the next level.

(Pet. at 9.) Petitioner contends that he exhausted his state court remedies with respect to the 2005 decision because he

> previously sent his writ to each and every level of state court appeal as he challenged his 2002 parole board hearing and as the upcoming scheduling of another parole board hearing the time 2005 rolled around, it was assumed that the next upcoming B.P.T. hearing would be incorporated into petitioner's writ, because all the issues remained the same. . . .This petitioner felt it was necessary, and in fact mandatory for him to await the outcome of that next 2005 hearing, in order that he could ascertain the results. . . . Petitioner was under the impression that only one writ at a time was allowed by the courts, to argue the same set of legal issues. So, [petitioner] assumed [petitioner] had to incorporate the issues of that next hearing in 2005, with all my previously raised issues of the 2002 hearing.

(Traverse at 16-18.)

It appears petitioner was operating under the misapprehension that all of his challenges to Board decisions must be contained in one case. However, petitioner is mistaken. Each decision of the Board is a separate decision; challenges to each decision must be challenged first in state court. Although subsequent parole decisions may involve the same set of legal issues, that is not always the case. Moreover, at each hearing the Board reviews facts that may change over time, for example, petitioner's behavior in prison, employment, education and plans for parole.

---

[1] The denial is appended to petitioner's February 1, 2006 motion for appointment of counsel and is dated December 1, 2004. (See also Respt.'s Ex. D.)

The exhaustion of state court remedies is a prerequisite to the granting of a federal petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by the respondent's counsel. 28 U.S.C. § 2254(b)(3). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting them to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir.1996). In the present case, petitioner admits that he has not presented his 2005 claims to the California Supreme Court, and respondent has not waived the exhaustion requirement. The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed. However, if petitioner has raised a timely challenge to the 2002 decision, the petition would be dismissed with leave to amend.

With regard to the 2002 decision, respondents' arguments concerning the nature of petitioner's filing are well taken in that a large part of petitioner's filing relates to the 2005 parole hearing. However, construing the petition liberally, which this court is required to do, petitioner has presented sufficient information to construe the petition as also challenging the 2002 decision. Most of the actual petition challenges the continuous denial of parole in generic terms, without reference to date. Indeed, it is not until page 5, section (H), before petitioner refers to the July 27, 2005 parole hearing. (Pet. at 5.) Petitioner also appended a copy of the 2002 decision denying parole to his February 1, 2006 request for appointment of counsel. Accordingly, the court will construe the petition as including a challenge to the 2002 denial of parole and will now determine whether that claim is time-barred.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted. The AEDPA amended 28 U.S.C. § 2244(d)(1) so that it now provides:

/////

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

When a habeas petitioner challenges an administrative decision such as the denial of parole, the underlying action is not final for purposes of the AEDPA statute of limitations until the denial of administrative review. Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004); Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003); see also In re Dexter, 25 Cal.3d 921, 925 (1979) (state habeas petition challenging administrative determination not cognizable until the conclusion of administrative proceedings).

Moreover, once the statute begins to run, it is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the final collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On January 22, 2002, the Board found petitioner unsuitable for parole. (Respt.'s Ex. E.)

2. On February 26, 2002, the Board's decision became effective. (Respt.'s Ex. E.)

3. Petitioner filed an administrative appeal challenging the decision, which was denied on November 12, 2002. (Respt.'s Ex. F.)

4. On December 26, 2002, petitioner filed a petition in the Butte County Superior Court challenging the Board's 2002 decision, which was transferred to the Imperial County Superior Court. (Respt.'s Ex. D, G.)

5. On June 11, 2003, the Imperial County Superior Court denied the petition. (Respt.'s Ex. H.)

6. Petitioner filed a petition in the Fourth District Court of Appeal on July 15, 2003, which was denied on July 29, 2003. (Respt.'s Ex. I.)

7. On September 26, 2003, petitioner filed a petition in the Third District Court of Appeal, which was denied on November 7, 2003. (Respt.'s Ex. J.)

8. On January 5, 2004, petitioner filed a petition in the California Supreme Court, which was denied on December 1, 2004. (Respt.'s Ex. D.)

9. On February 1, 2006, petitioner filed the instant action, which petition was signed January 25, 2006.[2]

The statute of limitations is tolled upon the filing of a collateral challenge in state court until there is final resolution in the state system. See 28 U.S.C. § 2244(d)(2); Evans v. Chavis, 546 U.S. 189 (2006); Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Brown v. Poole, 337 F.3d 1155, 1158 (9th Cir. 2003). But if the petitioner "unreasonably delays" in filing a subsequent petition after the lower court's denial, the claim is no longer "pending" and will not

---

[2] This action is deemed filed on the date the original petition was delivered to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 270-71 (1988).

5

toll the statute of limitations. See Chavis, 546 U.S. 189; Saffold, 536 U.S. at 225-27; Gaston v. Palmer, 447 F.3d 1165, 1166-67 (9th Cir. 2006).

Here, the one year statute of limitations period began to run on November 13, 2002, the day after petitioner's administrative appeal was denied. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (applying Rule 6(a) of the Federal Rules of Civil Procedure for computation of the statute of limitations period, so that the day of the event from which the designated period of time begins to run shall not be included); Redd, 343 F.3d at 1084. Petitioner filed his first habeas petition in state court on December 26, 2002. By that date, 44 days had run in the statutory period. The limitations period was then tolled from December 27, 2002 until December 1, 2004, when the California Supreme Court denied the petition.

Petitioner had 321 days to file his federal petition. Petitioner's federal petition would have been due on or before October 17, 2005. However, the instant petition was signed January 25, 2006,[3] or about three months too late. Consequently, petitioner's application would be barred as untimely absent any equitable tolling that might be warranted.

The Ninth Circuit has held that AEDPA's one-year limitation may be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. See Calderon v. United States Dist. Ct. for Cent. Dist. of Cal. (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct., 163 F.3d 530, 540 (9th Cir. 1998)). Equitable tolling presents a "high hurdle" for petitioners, however, and should be invoked only if extraordinary circumstances beyond a prisoner's control make it impossible for him to file a timely petition. See id. at 1289; Calderon v. United States District Court (Kelly), 127 F.3d 782, 786 (9th Cir. 1997). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 & n.8

---

[3] This is the earliest possible filing date for the federal petition pending before this court under the mailbox rule announced in Houston v. Lack, 487 U.S. 266, 276 (1988).

1  (2005).  Equitable tolling will be unavailable in most cases.  See Corjasso v. Ayers, 278 F.3d
2  874, 877 (9th Cir.2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999).
3      On this record, the court cannot find petitioner is entitled to equitable tolling.
4  Petitioner admits he waited to file his habeas petition until after the 2005 hearing was held.
5  Although petitioner contends he believed all of his challenges to parole decisions had to be
6  brought in one action, such misapprehension does not warrant equitable tolling.  Petitioner's lack
7  of knowledge of habeas procedure is not a circumstance which compels equitable tolling.  See
8  Donovan v. Maine, 276 F.3d 87 (1st Cir.2002) ("The petitioner's assertion that his pro se status
9  somehow entitled him to equitable tolling is wide of the mark. While pro se pleadings are to be
10 liberally construed, the policy of liberal construction cannot plausibly justify a party's failure to
11 file a habeas petition on time." ) (citation omitted); Marsh v. Soares, 223 F.3d 1217, 1220 (10th
12 Cir.2000) (holding that ignorance of the law and petitioner's reliance on inmate law clerk to draft
13 the state petition does not relieve petitioner from his personal responsibility to comply with the
14 law); Felder v. Johnson, 204 F.3d 168 (5th Cir.2000) (holding that mere ignorance of the law
15 does not justify equitable tolling); Oetting v. Henry, No. CIV S-04-1180 MCE KJM P, 2005 WL
16 1555941 (E.D.Cal. Jun.24, 2005) ( "Neither the inmate's ignorance of the law nor pro se status
17 are the sort of extraordinary events upon which a finding of equitable tolling may be based.")
18      Moreover, the 2005 parole hearing was held June 27, 2005.  That left petitioner
19 almost three and a half months to file his federal petition before the October 17, 2005 deadline.
20      To the extent petitioner argues he is entitled to equitable tolling based on his
21 housing in administrative segregation, his claim is also unavailing.  Petitioner alleges he was
22 placed in administrative segregation after the Board hearing in June, 2005.  Respondent provided
23 evidence that petitioner was housed in administrative segregation from June 30, 2005 until July
24 12, 2005. (Answer, at 11, Ex. K.)  Even if the court granted petitioner equitable tolling for this
25 twelve day period, it would not be sufficient to render the petition timely.
26 /////

        Petitioner alleges generally that prison lockdowns at Calipatria State Prison and Salinas Valley State Prisons prevented him from timely filing his habeas petition. (Pet. at 9-10.) However, respondents have provided evidence that each institution provides "operational procedures that give inmates with pending court deadlines priority access to law library materials." (Motion at 11, citing Exs. L & O.) Petitioner has not rebutted this evidence with specific dates or information showing a causal connection between these events and his failure to timely file his habeas corpus petition. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); see also Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003) (prison policy limiting inmates to two hours in prison library and requiring them to sign up in advance did not warrant equitable tolling), cert. denied, 539 U.S. 918 (2003); Corrigan v. Barbery, 371 F.Supp.2d 325, 330 (W.D.N.Y.2005) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances." ); United States ex rel. Ford v. Page, 132 F.Supp.2d 1112, 1116 (N.D.Ill.2001) ("[T]hat a prison was sometimes on lock-down, preventing access to the prison law library, does not establish 'extraordinary circumstances' justifying equitable tolling." ).

        Finally, petitioner claims further delay resulted when a counselor at Salinas Valley State Prison told petitioner he had another Board hearing scheduled for January 3, 2006. "I waited to see what that was about, because I thought that hearing might affect appealing my habeas corpus to the court at this level." (Pet. at 9.) However, petitioner was informed at the 2005 Board hearing that his next parole hearing would not be scheduled until 2009. (Motion, Ex. B, at 63.)

        Petitioner is not entitled to equitable tolling in that he has failed to demonstrate that extraordinary circumstances beyond his control made it impossible for him to file his federal petition in a timely manner. See Pace, 544 U.S. at 418; Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 541 (9th Cir.1998) (en banc), overruled in part on other grounds by

8

Woodford v. Garceau, 538 U.S. 202 , 205-06 (2003); Redd, 343 F.3d at 1085.  Accordingly, petitioner's challenge to the Board's 2002 decision should be dismissed with prejudice because the petition was filed beyond the one-year statute of limitations.

For all of the above reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed, as follows:

1. Petitioner's challenge to the Board's 2005 decision be dismissed without prejudice for failure to exhaust state court remedies;[4] and

2. Petitioner's challenge to the Board's 2002 decision be dismissed with prejudice because the petition was filed beyond the one-year statute of limitations.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 15, 2007.

UNITED STATES MAGISTRATE JUDGE

/001; ogle0213.fte

---

[4] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).